IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| ANTWAYN CARTER, | : | |
| | : | |
| Petitioner, | : | |
| | : | NO.  3:12-CV-8 (CDL) |
| VS. | : | |
| | : | |
| DAVID FRAZIER, | : | |
| | : | Proceedings Under 28 U.S.C. §2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| | : | |

## RECOMMENDATION

Respondent Warden David Frazier has filed a Motion to Dismiss the above-captioned petition alleging that it is unexhausted according to the provisions of 28 U.S.C. §2254(b) and (c). Doc. 6.  For the reasons set forth below, **IT IS RECOMMENDED** that Respondent Frazier's Motion to Dismiss be **GRANTED** in part and **DENIED** in part.

FACTUAL AND PROCEDURAL HISTORY

On August 2, 2007, after a jury trial in Hart County Georgia, Petitioner was convicted for the offenses of felony murder and aggravated assault.  The following day, Petitioner was sentenced to life imprisonment for felony murder.  For purposes of sentencing, the conviction for aggravated assault was merged with the conviction for felony murder.

Following an unsuccessful motion for new trial filed by new counsel Charlie Barrow, Petitioner appealed his convictions and sentence in the Supreme Court of Georgia.  On appeal, the sole issue was whether  Petitioner's  trial counsel rendered ineffective assistance by failing to pursue the affirmative defense of justification based on the defense of a third party.  Applying the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court of Georgia held that

1

Petitioner did not receive ineffective assistance from trial counsel and, based upon this conclusion, affirmed Petitioner's convictions and sentence. Carter v. State, 285 Ga. 565 (2009). Three justices dissented, however, and concluded that Petitioner's counsel was ineffective.

On June 3, 2008, through attorney Macklyn Smith, Petitioner filed a state habeas corpus petition in the Baldwin County Superior Court. There, Petitioner raised the following grounds:

1. Ineffective Assistance of Trial Counsel in that trial counsel failed to investigate and prepare a more viable defense on defendant's behalf although she knew that there was a more practical defense in defendant's case.

2. Ineffective Assistance of Trial Counsel in that trial counsel failed, at trial, to cross examine one of the State's chief witnesses.

3. Ineffective Assistance of Trial Counsel in that trial counsel failed to interview a chief witness and thus did not properly investigate the case and prepare it for trial.

4. Ineffective Assistance of Trial Counsel in that trial counsel failed to apprise herself of relevant and current case law that would have supported a viable defense.

5. Judicial Abuse of Discretion in that the trial court failed to charge the jury on the essential elements of voluntary manslaughter.

6. Prosecutorial Misconduct premised upon the fact that Petitioner was never charged with the underlying felony gun charge but was convicted of felony murder.

Following an evidentiary hearing, the state habeas court determined that Petitioner's first ground had already been decided adversely to him on direct appeal and was, therefore, precluded from further review. As for Grounds Two through Six, the state habeas court noted Petitioner's failure to raise these grounds at trial, or, with respect to those involving his trial counsel, after trial or on

appeal. In view of these failures, the state habeas court concluded that Grounds Two through Six were procedurally defaulted. In accord with these findings, the state habeas court denied Petitioner's request for habeas relief in an order filed February 23, 2012.

On January 17, 2012, approximately one month before the state habeas court's order was actually filed, Petitioner submitted the instant federal habeas corpus petition. Doc. 1. Petitioner's federal petition enumerates four grounds for relief, which correspond to Grounds One, Two, Three, and Five of his state petition. Respondent Frazier has moved for dismissal based upon Petitioner's failure to exhaust his available state remedies.

## LEGAL STANDARDS

It has been well settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." Picard v. Connor, 404 U.S. 270, 275 (1971) (citing Ex Parte Royall, 117 U.S. 241 (1886)). This exhaustion requirement has been codified in 28 U.S.C. §§2254 (b) and (c) and reflects a policy of comity between state and federal court. It is "an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Wilwording v. Swenson, 404 U.S. 249, 250 (1971) (quoting Fay v. Noia, 372 U.S. 391, 438 (1963)). Moreover, the exhaustion requirement was designed to minimize friction between the state and federal courts. "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile an effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (emphasis added).

A.     **Grounds Two, Three, and Four**

In its final order denying relief, the state habeas court found that Grounds Two, Three, and Five of Petitioner's state petition were procedurally barred from further review based upon his failure to raise them during or after his trial. The court ruled that these claims were procedurally defaulted in accordance with O.C.G.A. § 9-14-48(d), which provides that a state habeas court

> shall review the trial record and transcript of proceedings and consider whether the petitioner made timely motion or objection or otherwise complied with Georgia procedural rules at trial and on appeal and whether, in the event the petitioner had new counsel subsequent to trial, the petitioner raised any claim of ineffective assistance of trial counsel on appeal; and absent a showing of cause for noncompliance with such requirement, and of actual prejudice, habeas corpus relief shall not be granted.

When the record makes it clear that a claim or claims would be barred by a procedural default under state law, courts may "treat those claims now barred by state law as no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1988).

Where, as here, procedural default bars litigation of a constitutional claim in a state court, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice, Engle v. Isaac, 456 U.S. 107, 129 (1982), or a showing that a fundamental miscarriage of justice would occur if the federal court did not consider the claim. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991). Petitioner has failed to allege or establish cause and prejudice for his default. Likewise, there has been no showing that a fundamental miscarriage of justice would result if the claims are not addressed on their merits.

Grounds Two, Three, and Five of Petitioner's state petition correspond to Grounds Two, Three, and Four in his federal petition. Because consideration of Grounds Two, Three, and Four in

the instant petition would be procedurally barred due to state law procedural default, these grounds do not constitute a basis for federal habeas relief. Accordingly, **IT IS RECOMMENDED** that they be **DISMISSED**.

**B.    Ground One**

Petitioner's sole remaining ground involves his claim in Ground One of his Amended Petition, alleging ineffective assistance of trial counsel based upon counsel's failure to raise a justification defense. This claim has been exhausted, as Petitioner raised the issue on direct appeal to the Supreme Court of Georgia, which considered this ground on the merits and decided it adversely to Petitioner. Because the Court finds that Petitioner has exhausted this claim and that the claim is not procedurally defaulted, the Court must address the merits of the Claim and determine whether the decision of the Supreme Court was contrary to or involved an unreasonable application of clearly established federal law and whether that decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Therefore, the Court **ORDERS** Respondent to file an answer in writing to the allegations of the petition. This answer is to be filed with the Clerk of this Court within forty-five (45) days after the entry of any Order adopting this Recommendation.[1]

This answer is to conform to the Rules Governing Section 2254 Cases in the United States District Courts and is to include the records required by Rule 5, including all relevant transcripts (of pretrial, trial, sentencing, and post-conviction proceedings); pleadings; briefs required by Rule 5 (c)-(d); and decisions of the various courts required by Rule 5 (d).

---

[1] If this Recommendation is not adopted, the parties shall proceed as otherwise directed by the District Court.

Within thirty (30) days of the filing of the answer and records required by Rule 5, the Court **ORDERS** Petitioner to file a reply in accordance with Rule 5 (e). This reply shall respond to any and all of Respondent's assertions.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the district judge to whom this case is assigned, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. The Clerk is directed to serve Petitioner at the <u>last address</u> provided by him.

**SO RECOMMENDED**, this 9th day of August, 2012.

                                                  s/ Charles H. Weigle
                                                Charles H. Weigle
                                                United States Magistrate Judge