IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| ANTWAYN CARTER, | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | NO. 3:12-CV-8-CDL-CHW |
| | : | |
| DAVID FRAZIER, | : | |
| | : | Proceedings Under 28 U.S.C. §2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court is Petitioner Antwayn Carter's 28 U.S.C. § 2254 petition seeking habeas corpus relief.[1] Doc. 1. The federal habeas corpus petition originally contained four grounds, but the Court previously dismissed three of the four grounds as procedurally barred, consistent with the prior recommendation addressing Respondent David Frazier's motion to dismiss. Docs. 10, 13. The only remaining ground for the Court to address is Petitioner's claim that trial counsel rendered ineffective assistance by failing to pursue the affirmative defense of justification. Because Petitioner's sole claim fails to state a cognizable basis for federal habeas corpus relief, it is **RECOMMENDED** that the petition be **DENIED**.

PROCEDURAL HISTORY

On August 31, 2006, a grand jury in the Superior Court of Hart County indicted Petitioner for malice murder, felony murder, and aggravated assault, arising out of the death of Petitioner's brother, Tamitrea Carter. Doc. 17-1 at 27-29. On August 2, 2007, after a three-day jury trial, the jury convicted Petitioner of felony murder and aggravated assault, but the jury failed to reach a verdict on the malice murder charge. Doc. 17-1 at 99. On August 3, 2007, the

---

[1] The pleadings in this case spell Petitioner's first name as "Antwayn" or "Antawyn." This recommendation uses the spelling of Petitioner's first name that appears in the Court's civil docket.

trial court sentenced Petitioner to life imprisonment for felony murder. Doc. 17-1 at 103. For sentencing purposes, the conviction for aggravated assault was merged with the conviction for felony murder, and the trial court declared a mistrial on the malice murder charge. Id.

Represented by new counsel, Charles Barrow, Petitioner filed an amended motion for new trial. Doc. 17-2 at 22-23. After conducting an evidentiary hearing, the trial court denied the motion in an order filed on September 17, 2008. Doc. 17-2 at 27-28. Petitioner, with the assistance of new counsel, appealed his conviction to the Supreme Court of Georgia. Doc. 17-2 at 29-30. On appeal, Petitioner argued that trial counsel rendered ineffective assistance by failing to pursue the affirmative defense of justification based on the defense of a third party. Applying the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), the state supreme court concluded that trial counsel did not render ineffective assistance, and thus, affirmed Petitioner's conviction. Carter v. State, 285 Ga. 565, 566-567 (Ga. 2009). Three justices dissented from the majority's holding. Id. at 570-571.

On May 20, 2010, Petitioner executed a state habeas corpus petition in the Superior Court of Baldwin County. Doc. 7-2. In his state habeas petition, Petitioner listed six grounds for relief:

(1) Ineffective assistance of trial counsel for failing to pursue a more viable defense;

(2) Ineffective assistance of trial counsel for failing to cross-examine one of the chief witnesses for the prosecution;

(3) Ineffective assistance of trial counsel for failing to interview a chief witness;

(4) Ineffective assistance of trial counsel for failing to apprise herself of relevant current case law that would have supported a more viable defense;

(5) Judicial abuse of discretion for failing to charge the jury on the elements of voluntary manslaughter; and

(6) Prosecutorial misconduct for failing to charge Petitioner with the underlying felony gun charge even though Petitioner was convicted of felony murder.

Following an evidentiary hearing, the state habeas court determined that Ground One, which addressed the failure of trial counsel to pursue the more viable affirmative defense of justification, had been decided adversely to Petitioner on appeal in the state supreme court. As such, the state habeas court held that Ground One was precluded from further review. The state habeas court further concluded that Grounds Two through Six were procedurally defaulted because Petitioner failed to raise them at trial or on appeal. In light of its findings, the state habeas court denied Petitioner's request for state habeas corpus relief in a final order filed on February 23, 2012. Doc. 7-3.

On January 8, 2012, approximately one month before the state habeas court filed its final order, Petitioner executed his 28 U.S.C. § 2254 petition seeking habeas corpus relief in this Court. Doc 1. The federal habeas petition enumerated four grounds for relief, which corresponded with Grounds One, Two, Three, and Four of his state habeas petition. Respondent moved to dismiss the federal habeas petition for lack of exhaustion. Doc. 6. In a report and recommendation filed on August 9, 2012, it was recommended that Grounds Two, Three, and Four of Petitioner's federal habeas petition be dismissed as procedurally barred and that Ground One remain pending before the Court. Doc. 10. On September 6, 2012, the Court adopted this recommendation. Doc. 13. Both Petitioner and Respondent have filed additional pleadings addressing the merits of Ground One. Docs. 16, 20.[2]

## STATEMENT OF FACTS

In accordance with 28 U.S.C. § 2254(e)(1), and for the purpose of considering this petition, the facts as found by the Supreme Court of Georgia on appeal of Petitioner's conviction are adopted by this Court. These findings of fact are as follows:

---

[2] Petitioner's most recent reply brief was filed with the assistance of attorney Charles Barrow who entered an appearance on Petitioner's behalf on October 22, 2012. Docs. 18, 20.

3

> Viewed in the light most favorable to the verdict, the record shows that, on the evening of August 6, 2006, Tamitrea was arguing with his father, Carey Carter, after the two of them had been drinking together. At that time, Tamitrea was living at home with his parents. At some point, Antawyn was called to come to his parents' home. Antawyn's father, however, told him to go away, and Antawyn and Tamitrea were left outside the house. Neighbors then witnessed the brothers arguing in the street, and Antawyn threatened Tamitrea, "I'll take you out." Antawyn then hit Tamitrea, knocking him to the ground. Tamitrea next got up and began running away from Antawyn towards a stop sign at the end of the street. Antawyn shot Tamitrea as he ran away, hitting him in the back of the head and killing him. Tamitrea's body was discovered in a ditch by the street with a knife laying on the ground nearby. Antawyn later admitted that he shot Tamitrea, but he claimed that it was an accident.

Carter, 285 Ga. at 565.

## NEED FOR AN EVIDENTIARY HEARING

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244, if an applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2). After carefully reviewing the record, and in light of the statement of facts presented, no evidentiary hearing is warranted in this case.

## LEGAL STANDARDS

In accordance with the AEDPA, federal courts are prohibited from granting habeas relief with respect to any claim adjudicated on the merits in state court unless that decision either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established

4

federal law as determined by the Supreme Court or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d); Wellons v. Warden, Georgia Diagnostic and Classification Prison, 695 F.3d 1202, 1206 (11th Cir. 2012). Not only is this standard "difficult to meet," Harrington v. Richter, 562 U.S. ___, ___, 131 S.Ct. 770, 786 (2011), but it also is a "highly deferential standard for evaluating state-court rulings, […] which demands that state-court decisions be given the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002).

A state court's decision is "contrary to" clearly established federal law under 28 U.S.C. § 2254(d)(1) if either "(1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). An "unreasonable application" of clearly established federal law under 28 U.S.C. § 2254(d)(1) may occur if the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case." Id. "An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Id.

Additionally, when reviewing whether a state court's decision was based on an "unreasonable determination of the facts" under 28 U.S.C. § 2254(d)(2), federal courts should "presume the state court's factual findings are correct, and the petitioner has the burden to rebut those facts by clear and convincing evidence." Wellons, 695 F.3d at 1206, citing 28 U.S.C. § 2254(e)(1). "This statutory presumption of correctness applies to the factual determinations of

both state trial and appellate courts." Wellons, 695 F.3d at 1206, citing Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

## DISCUSSION

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on an ineffective assistance claim, "a petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." Wiggins v. Smith, 539 U.S. 510, 521 (2003), citing Strickland, 466 U.S. at 687. To establish deficient performance, "Petitioner must show counsel's performance 'fell below an objective standard of reasonableness.'" Cook v. Warden, Georgia Diagnostic Prison, 677 F.3d 1133, 1136 (11th Cir. 2012), quoting Strickland, 466 U.S. at 688. To establish prejudice, "Petitioner must show that a 'reasonable probability' exists that 'but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Cook, 677 F.3d at 1136, quoting Strickland, 466 U.S. at 697.

Petitioner must establish both prongs of Strickland in order to show that counsel rendered ineffective assistance. Morton v. Secretary, Florida Department of Corrections, 684 F.3d 1157, 1166 (11th Cir. 2012). If Petitioner fails to establish that he has suffered prejudice, the Court need not address the deficient performance prong of the two-prong Strickland test. Boyd v. Commissioner, Alabama Department of Corrections, 697 F.3d 1320, 1332 (11th Cir. 2012). Moreover, it is well-established that when an ineffective assistance of counsel claim implicates both the AEDPA and Strickland, review in the Eleventh Circuit is "doubly deferential." Boyd, 697 F.3d at 1332, citing Harrington, 562 U.S. at ___, 131 S.Ct. at 788 ("Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both highly deferential, and when the two

apply in tandem, review is doubly so."). In other words, "[d]ouble deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding." Johnson v. Secretary, DOC, 643 F.3d 907, 911 (11th Cir. 2011).

In this case, the state supreme court reviewed and rejected Petitioner's claim that trial counsel rendered ineffective assistance by failing to pursue the affirmative defense of justification based on the defense of a third party. Carter, 285 Ga. at 565-567. In reviewing Petitioner's claim that trial counsel was ineffective for failing to pursue the affirmative defense of justification, the state supreme court correctly set forth the two-prong Strickland test and analyzed Petitioner's ineffective assistance of counsel claim as follows:

> Antawyn contends that his trial counsel rendered ineffective assistance of counsel by failing to pursue the affirmative defense of justification based on the defense of a third party. More specifically, Antawyn contends that his trial counsel should have pursued a defense that he shot Tamitrea in order to protect his father [Carey Carter], based on a previous threat made by Tamitrea.
>
>> To prove ineffective assistance, [Antawyn] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If an appellant fails to prove one prong of the Strickland test, the reviewing court does not have to examine the other prong. Id. at 697(IV), 104 S.Ct. 2052. See also Fuller v. State, 277 Ga. 505(3), 591 S.E.2d 782 (2004).
>
>> McDougal v. State, 284 Ga. 427, 428(2), 667 S.E.2d 592 (2008).
>
> Based on the facts of this case, Antawyn was not prejudiced by his trial counsel's failure to pursue the affirmative defense of justification. OCGA § 16-3-21(a) provides: "A person is justified in threatening or using force against another when and to the extent that he or she reasonably believes that such threat or force is necessary to defend himself or herself or a third person against such other's imminent use of unlawful force." (Emphasis supplied.) Furthermore, "[t]he doctrine of reasonable fear does not apply to any case of homicide where the danger apprehended is not urgent and pressing, or apparently so, at the time of the killing." Short v. State, 140 Ga. 780(3), 80 S.E. 8 (1913).

7

> In this case, it is undisputed that, at the time that Antawyn shot Tamitrea, both men had fought in the street outside their father's home, their father was inside the home and not with them, and Tamitrea was running away from Antawyn who had pulled out his pistol. There is some evidence from which it could be inferred that Tamitrea was carrying a knife, but there is no evidence that Tamitrea was trying to go to his father's house when he was shot, only that Tamitrea was running away from Antawyn towards a stop sign located at the end of the street. In any event, it is undisputed that Carey Carter was inside his home at the time of the shooting and that, even if we assume that Tamitrea was going towards the house, he was shot before he even reached the front yard. These facts do not support any finding that Carey Carter was in imminent danger from Tamitrea at the time of the shooting. Brown v. State, 270 Ga. 601, 603(2), 512 S.E.2d 260 (1999) ("because the [third person] was not even present at the time of the shooting, there was no evidence that [the third person] was in any immediate danger from [the defendant]"). The fact that Tamitrea may have made a threat against his father earlier in the evening does not change this result. Chameckia Sturghill, Antawyn's cousin, testified at the motion for new trial hearing in relation to the ineffective assistance of counsel claim; however, her testimony, the sole evidence of the threat, indicated that the threat occurred at least thirty minutes before the murder occurred.
>
> Because, as a matter of law, the facts of this case do not support a justification defense based on the defense of third persons or the giving of a jury instruction in that regard, it cannot be said that "there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's [failure to pursue such a defense or request such an instruction]." Brogdon v. State, 255 Ga. 64, 68(3), 335 S.E.2d 383 (1985).
>
> Carter, 285 Ga. at 566-567.

In other words, the state supreme court held that Petitioner failed to establish prejudice, which is the second prong of the two-prong Strickland test, because the facts in this case did not support a justification defense or a justification jury instruction under Georgia law. Id.

There is no basis on the record to conclude that the state supreme court's decision regarding Petitioner's ineffective assistance of counsel claim was either "contrary to" or "an unreasonable application of" clearly established federal law. 28 U.S.C. § 2254(d)(1). The state supreme court expressly identified and applied Strickland, which is the relevant clearly established federal law for assessing ineffective assistance of counsel claims. Premo v. Moore,

___ U.S. ___, ___, 131 S.Ct. 733, 737–38 (2011). Petitioner does not allege, much less establish, that the state supreme court's decision either "applied a rule that contradicts the governing law set forth by Supreme Court case law" or "when faced with materially indistinguishable facts, the [state supreme court] arrived at a result different from that reached in a Supreme Court case." Putnam, 268 F.3d at 1241. Additionally, Petitioner fails to establish that the state supreme court "identifie[d] the correct legal rule from Supreme Court case law but unreasonably applie[d] that rule to the facts of [P]etitioner's case." Id. Petitioner also fails to establish that the state supreme court "unreasonably extend[ed], or unreasonably decline[d] to extend, a legal principle from Supreme Court case law to a new context." Id. Because Petitioner fails to show that the state supreme court's decision resulted in a decision contrary to, or, involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, and because the AEDPA demands that the state court's decision be given the benefit of the doubt, Petitioner is not entitled to federal habeas corpus relief pursuant to 28 U.S.C. § 2254(d)(1).

There also is no basis in the record to conclude that the state supreme court's decision regarding Petitioner's ineffective assistance of counsel claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). In his most recent reply brief, Petitioner argues that it was unreasonable for the state supreme court to conclude that there was no evidence that Tamitrea was trying to go to his father's house when Petitioner shot him based on certain evidence not mentioned in the state supreme court's decision. According to Petitioner, as long as there was slight evidence of the fact that Tamitrea was trying to go to his father's house, Georgia law would have authorized a jury instruction on the affirmative defense of justification. Petitioner further argues that if trial counsel had pursued this viable affirmative defense at trial, he would have been entitled to a jury

9

instruction on justification, and if a jury instruction on justification had been given, there is a reasonable probability that the outcome would have been different.

When a federal court reviews whether a state court's decision was based on an "unreasonable determination of the facts" under 28 U.S.C. § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. 290, ___, 130 S.Ct. 841, 849 (2010).[3] "'[I]f some fairminded jurists could agree with the state court's decision, although others might disagree,' the state court's decision is not unreasonable." Holsey v. Warden, Georgia Diagnostic Prison, 694 F.3d 1230, 1260 (11th Cir. 2012), quoting Hill v. Humphrey, 662 F.3d 1335, 1346 (11th Cir. 2011). Simply stated, "[t]o be unreasonable, the error in the state court's finding must be so clear that there is no possibility for 'fairminded disagreement.'" Holsey, 694 F.3d at 1260, quoting Harrington, 562 U.S. at ___, 131 S.Ct. at 786-787.

Fairminded jurists might disagree about the state supreme court's factual determination that there is no evidence that Tamitrea was trying to go to his father's house when Petitioner shot him. Carter, 285 Ga. at 566. The possibility for fairminded jurists to disagree is highlighted by the fact that three justices dissented from the state supreme court's decision, arguing that a jury instruction on the affirmative defense of justification was warranted based on the evidence. Id. at 570-571. Even if fairminded jurists might disagree about whether there was no evidence or slight evidence that Tamitrea was trying to go to his father's house, any error in the state supreme court's factual determination is not "so clear that there is no possibility for 'fairminded

---

[3] In Wood v. Allen, the Supreme Court expressly declined to resolve whether to satisfy 28 U.S.C. § 2254(d)(2), a petitioner must establish only that the state-court factual determination on which the decision was based was "unreasonable," or whether 28 U.S.C. § 2254(e)(1) additionally requires a petitioner to rebut a presumption that the determination was correct with clear and convincing evidence. See Cooper v. Secretary, Department of Corrections, 646 F.3d. 1328, 1353 n. 17 (11th Cir. 2011). Regardless of the precise contours of the applicable legal standard, Petitioner here fails to establish that he is entitled to federal habeas relief under 28 U.S.C. § 2254(d)(2).

disagreement.'" Holsey, 694 F.3d at 1260, quoting Harrington, 562 U.S. at ___, 131 S.Ct. at 786-787. After carefully reviewing all of the evidence, the record establishes that fairminded jurists could agree with the state supreme court's decision that the facts do not support giving a jury instruction on the affirmative defense of justification as a matter of Georgia law, and thus, there is no reasonable probability that but for trial counsel's failure to pursue a justification defense, the result here would have been different. Carter, 285 Ga. at 567. Because Petitioner fails to show that the state supreme court's decision was based on an unreasonable determination of the facts in light of the evidence presented in state court, and because the AEDPA demands that the state court's decision be given the benefit of the doubt, Petitioner is not entitled to federal habeas relief pursuant to 28 U.S.C. § 2254(d)(2).

Finally, insofar as Petitioner suggests that this Court should conclude that Georgia law would have authorized a jury instruction on the affirmative defense of justification based on defense of a third party, Petitioner misunderstands the province of a federal habeas proceeding. The AEDPA unambiguously provides that federal courts may issue the writ to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]t is only noncompliance with federal law that renders a state's criminal judgment susceptible to collateral attack in the federal courts." Wilson v. Corcoran, ___ U.S. ___, 131 S.Ct. 13, 16 (2010). In other words, Petitioner is not entitled to federal habeas corpus relief if the state supreme court erroneously applied Georgia law concerning jury instructions and the affirmative defense of justification because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Id. quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

CONCLUSION

Because the only remaining ground in Petitioner's section 2254 petition fails to state a cognizable basis for federal habeas corpus relief, it is **RECOMMENDED** that the petition be **DENIED**.

Pursuant to the requirements of Section 2254 Rule 11(b), it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-484 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 4th day of December, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge